T.C. Summary Opinion 2017-40

UNITED STATES TAX COURT

ALFRED H. SHUM, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14220-16S L.                    Filed June 15, 2017.

Alfred H. Shum, pro se.

Catherine Lee Campbell, for respondent.

SUMMARY OPINION

GUY, Special Trial Judge: This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times.  All monetary amounts are rounded to
the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

This case is an appeal from a notice of determination issued by the Internal Revenue Service (IRS) Office of Appeals (Appeals Office) sustaining a proposed levy action to collect income tax for the taxable year 2010. The sole issue remaining for decision is whether the Appeals Office abused its discretion in determining to proceed with the proposed levy action.

## Background

Some of the facts have been stipulated and are so found. Petitioner resided in the State of Washington at the time the petition was filed.

Petitioner filed a Federal income tax return for 2010 on April 15, 2011, reporting total tax of $6,550 and claiming a refund on an overpayment of $1,578.

The IRS subsequently examined petitioner's tax return for 2010 and on December 21, 2012, sent petitioner by certified mail a notice of deficiency determining an income tax deficiency of $5,493 and an accuracy-related penalty under section 6662(a) of $1,099. Petitioner acknowledged at trial that he actually received the aforementioned notice of deficiency in January 2013 and believes that he shared it with his attorney shortly thereafter.

On March 5, 2013, petitioner executed a Form 2848, Power of Attorney and Declaration of Representative, appointing attorney Jessica Yu as his attorney in fact for the taxable year 2010. Petitioner did not file a petition for redetermination with the Court challenging the notice of deficiency for 2010. On May 6, 2013, after making some minor adjustments in petitioner's favor, respondent assessed tax of $4,075, an accuracy-related penalty of $1,015, an addition to tax for failure to timely pay tax due of $115, and interest of $418. Although respondent issued petitioner a notice of balance due, petitioner failed to remit payment.

On October 25, 2013, the IRS mailed petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing for 2010. Petitioner subsequently submitted to the Appeals Office a timely Form 12153, Request for a Collection Due Process or Equivalent Hearing, indicating that he believed the proposed levy action was unwarranted. Petitioner's case was assigned within the Appeals Office to Settlement Officer Steve Lerner (SO Lerner).

In the meantime, on October 29, 2013, petitioner submitted to the IRS a Form 1040X, Amended U.S. Individual Income Tax Return, for 2010. Petitioner reported on the amended return that he owed additional tax of $526. The IRS did not process petitioner's amended return.

On June 30, 2014, petitioner executed a Form 2848 appointing attorney Deborah Cochran as his attorney-in-fact for the taxable year 2010.

On January 20, 2016, following numerous exchanges with Ms. Yu and Ms. Cochran, SO Lerner conducted an administrative hearing by way of a telephone conference with Ms. Cochran. Although petitioner believes that Ms. Cochran did not understand that the telephone conference constituted a hearing, Ms. Cochran did not appear at trial to testify. In any event, petitioner maintained that the IRS should process his amended return and reduce his outstanding tax liability accordingly. SO Lerner concluded that petitioner had received the notice of deficiency for 2010 (described above) and therefore was precluded from challenging the existence or amount of his underlying tax liability for 2010 as part of the Appeals Office administrative review process. Because petitioner failed to offer or agree to a collection alternative, the Appeals Office issued petitioner a notice of determination sustaining the proposed levy action. Petitioner invoked the Court's jurisdiction by filing a timely petition for review of the Appeals Office determination.

## Discussion

If any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Commissioner is authorized to

collect such tax by levy upon the person's property. Sec. 6331(a). At least 30 days before enforcing collection by levy on the person's property, the Commissioner is obliged to provide a final notice of intent to levy, including notice of available administrative appeals. Sec. 6331(d). Generally speaking, the Commissioner cannot proceed with collection by levy until (1) the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if the person is dissatisfied, (2) judicial review of the administrative determination is final. Sec. 6330; see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179-180 (2000).

The Appeals Office is responsible for conducting administrative hearings in collection matters. Sec. 6330(b)(1). In particular, the Appeals Office must verify that the requirements of any applicable law or administrative procedure have been met in processing the case. Sec. 6330(c)(1), (3)(A). The Appeals Office also must consider any issues raised by the person relating to the unpaid tax or proposed levy, including offers of collection alternatives, appropriate spousal defenses, and challenges to the appropriateness of the collection action. Sec. 6330(c)(2)(A), (3)(B). A person may challenge the existence or amount of his underlying tax liability if the person did not receive a notice of deficiency or did not otherwise

have an opportunity to dispute such tax liability. Sec. 6330(c)(2)(B). Finally, the Appeals Office must consider whether the collection action balances the need for efficient collection against the person's concern that collection be no more intrusive than necessary. Sec. 6330(c)(3)(C).

The Tax Court has jurisdiction to review the administrative determination made by the Appeals Office. Sec. 6330(d)(1). If the taxpayer's underlying tax liability is not properly in dispute, we review the Appeals Office's administrative decision for abuse of discretion. Goza v. Commissioner, 114 T.C. at 181-182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Petitioner maintains that the Court should review his amended return and redetermine (and reduce) the amount of his tax liability for the year in issue. In the alternative, he asserts that the Appeals Office prematurely terminated the administrative review proceeding.

Petitioner acknowledged at trial that he received the notice of deficiency for 2010 shortly after it was mailed to him on December 21, 2012. He did not, however, file a petition for redetermination with the Court pursuant to section 6213(a). Under the circumstances, the Appeals Office correctly determined that

petitioner was barred from challenging the amount of his underlying tax liability for 2010 as part of the administrative review process.  See sec. 6330(c)(2)(B).[2]

Contrary to petitioner's assertion that the administrative review process was terminated prematurely, the record reflects that the Appeals Office fulfilled its obligations as prescribed in section 6330.  Specifically, the Appeals Office properly verified that the requirements of applicable law and administrative procedure were met in processing petitioner's case.  See sec. 6330(c)(1), (3)(A).  In addition, petitioner conceded at trial that he did not offer a collection alternative (such as an offer-in-compromise or an installment agreement) because he did not believe that he owed the tax, penalty, and interest that the IRS assessed for the year in issue.  Under the circumstances, with no collection alternative to consider, the Appeals Office did not abuse its discretion in concluding the administrative process by issuing the notice of determination underlying this action.  See sec. 6330(c)(2)(A), (3)(B); see, e.g., Pough v. Commissioner, 135 T.C. 344, 351

---

[2]As noted above, respondent made minor adjustments in petitioner's favor and assessed tax and an accuracy-related penalty in amounts that were less than those determined in the notice of deficiency.  Respondent also assessed an addition to tax for failure to timely pay tax due and interest.  Aside from the argument that respondent should have adjusted the amount of tax due as reported in petitioner's amended return (which would have required conforming adjustments to applicable penalties and interest), petitioner did not offer any evidence or specific argument that the IRS had erred in assessing the failure to pay addition to tax or interest.

(2010). Finally, in the absence of a viable collection alternative, the Appeals Office determination to proceed with the proposed levy action balances the need for efficient collection against petitioner's concern that collection be no more intrusive than necessary. See sec. 6330(c)(3)(C).

In sum, we hold that petitioner was barred from challenging the amount of his underlying tax liability for 2010 as part of the administrative review process and the Appeals Office did not abuse its discretion in determining to proceed with the proposed levy action.

To reflect the foregoing,

Decision will be entered

for respondent.